UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>DANIEL RUSH,<br>    Defendant. | Case No. 15-cr-00454-HSG-1<br><br>**ORDER SETTING EVIDENTIARY HEARING**<br><br>Re: Dkt. No. 45 |

The Court **SETS** a limited evidentiary hearing regarding Defendant's pending motion to dismiss on March 1, 2017, at 1:00 p.m., in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA. *See* Dkt. No. 45.

At the hearing, Marc TerBeek will be called to testify first, followed by Defendant, if he chooses to testify, then Special Agent Wynar. The hearing will be limited to the following topics: (1) whether an attorney-client relationship existed between Defendant and Mr. TerBeek between January 7, 2015 and August 10, 2015 and, if so, the scope of that relationship; (2) whether any privileged information falling within the scope of any attorney-client relationship that the Court finds existed between January 7, 2015 and August 10, 2015 was actually conveyed to Mr. TerBeek between those dates; (3) if privileged information was conveyed to Mr. TerBeek during that time period, whether those particular pieces of privileged information were also conveyed to the government; and (4) whether the content of any materials seized during the January 7, 2015 search of Mr. TerBeek's law office, whether subject to the attorney-client privilege or not, was shared with the team prosecuting Mr. Rush. *See United States v. SDI Future Health, Inc.*, 464 F. Supp. 2d 1027, 1054 (D. Nev. 2006) (holding that "[i]n order for the Court to have any basis to consider whether there has been any outrageous and prejudicial violation of Defendants' due process rights, the issue of privilege should first be determined," and that if the Court "were to

1  find that the attorney-client privilege [did] not apply to documents that ha[d] been provided to the
2  prosecution team, then Defendants' request for an evidentiary hearing regarding prosecutorial
3  misconduct obviously fails").  Special Agent Wynar's testimony will be limited to topics (3) and
4  (4) listed above.  Only if the Court finds in the affirmative as to each of these four issues after Mr.
5  TerBeek, Defendant (if he chooses), and Special Agent Wynar testify will it take evidence on the
6  question of whether the government's conduct amounted to a deliberate intrusion.

**IT IS SO ORDERED.**

Dated: February 17, 2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge